

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. D. Smith
County Attorney
Parmer County
Farwell, Texas

Dear Sir:

Opinion No. O-3960
Re: One must be an actual resident
of a county to be qualified to
be a notary public.

Your request for an opinion of this department is:

"Article 5949, R. C. S. as amended by Acts
1939, states the requirements, 'To be eligible
for appointment as notary public, a person shall
be at least 21 years of age and a resident of
the county for which he is appointed.'

"The question that I am asking about is,
what constitutes 'residence.'

"I'll state the facts. Mr. E. F. Lokey is
an attorney at Law and his law office is in
Farwell, Texas, Parmer County, Texas. Mrs.
Esther E. Breazeale, is his stenographer and
secretary. Her only work and duties are in
this office.

"The City of Texico, New Mexico, is right
across the Railroad from Farwell, Texas. and
Mrs. Esther E. Breazeale, Mr. Lokey's Steno-
grapher and Secretary and her husband occupy
a house in Texico, N.Mex., a distance of about
200 hundred yards from the office where she
works in Texas.

"It occurs to me that Mrs. Esther E.
Breazeale, is a residence of the County of

Honorable A. D. Smith, Page 2

Parmer and State of Texas sufficiently for the purpose of being a notary public for all of her duties and work is transacted in the office mentioned in Parmer County, Texas.

"The Supreme Court of Texas has ruled that a person may have two residences for the purpose of a 'Plea of Privilege.' This is brought out in the case recently passed on by the Court of Civil Appeals of San Antonio, June 18, 1941, Nolte V. Saenz, 153 S. W. (2d) No. 1, 283 Advance Sheet, Rehearing denied July 16, 1941.

"It seems to me that where a person does his work and makes his living in Parmer County, Texas, that he would be deemed a resident of Parmer County, Texas, for the purpose of being a Notary Public."

Under the facts stated by you we think it clear that Mrs. Esther E. Breazeale is a resident of New Mexico as she "and her husband occupy a house in Texico, New Mexico." It does not appear that she and her husband are claiming any residence in the State of Texas except by virtue of the fact that she works in Parmer County, Texas, which she construes as establishing an additional residence in this State.

We have carefully examined the case of Noelte v. Saenz, 153 S. W. (2d) 283, cited by you, but cannot agree that such case has any bearing on the problem before us.

It is true that the courts have consistently held that a defendant within the meaning of the venue statute might have more than one residence. See Taylor v. Wilson, 93 S. W. 109; Pearson v. West, 77 S. W. 944; and Pittsburg Water Heater Co. of Texas v. Sullivan, 282 S. W. 578. It is to be pointed out that in each of these cases the defendant actually had two or more homes in two or more different counties or states and in each of which homes he actually spent a portion of his time. In the instant inquiry there is no contention that the person seeking to be a notary public has or claims any home in the County of Parmer.

This department has consistently held that one is qualified to hold the office of notary public in only the county of his residence. Such was held in an opinion of

Honorable A. D. Smith, Page 3

February 25, 1931, written by Elbert Hooper, Assistant Attorney General, to Senator George C. Purl. Such was likewise held in an opinion of August 9, 1937, written by Joe Sharp, Assistant Attorney General, to Honorable Edward Clark, Secretary of State. In the latter opinion it was also held that a notary public "could not have a legal residence in more than one county within the contemplation of the statutes authorizing the appointment of notaries public."

In view of the above you are respectfully advised that Mrs. Esther E. Breazeale is not a qualified person to become a notary public in the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lloyd Armstrong_
Lloyd Armstrong
Assistant

APPROVED OCT 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

LA:GO


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN